UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HARRY GONZALEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS,**<br><br>**Defendant.** | **Civil Action No. 25-16699 (RK) (JBD)**<br><br>**MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court on the application of *pro se* Plaintiff Harry Gonzalez ("Plaintiff") to proceed *in forma pauperis* ("IFP," ECF No. 1-1), together with Plaintiff's Complaint against the New Jersey Department of Corrections ("NJDOC" or "Defendant") ("Compl.," ECF No. 1).[1] For the reasons set forth below, Plaintiff's IFP application is **GRANTED** and the Complaint is **DISMISSED**.

## I. BACKGROUND

The following facts are derived from Plaintiff's Complaint and are accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). At the time of the events giving rise to Plaintiff's claims, Plaintiff was incarcerated at Northern State Prison ("NSP") in Newark, New Jersey. (*See* Compl. at 3.) There, Plaintiff was kept in a cell in "4wing" from February 18, 2023, until October 10, 2025. (*Id.*) During that time, he was permitted one shower a week, was outside for yard time once per month, and attended programming once a week. (*Id.*) Plaintiff was double-housed and was kept inside his cell for more than 72 hours at a time. (*Id.*)

[1] Plaintiff's Complaint describes the defendant as "NJDOC ET AL" but does not name additional defendants.

Because of these conditions, Plaintiff developed a bacterial infection,[2] and his mental and physical health declined "drastically." (*Id.* at 4.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging these conditions constituted cruel and unusual punishment in violation of his constitutional rights. (*See id.* at 2–4; ECF No. 1-2 at 1.) Plaintiff seeks damages of at least $500,000 and asks the Court to shut down NSP and its disciplinary program, and to hold unspecified officers accountable. (*See* Compl. at 4.)

Plaintiff's Complaint names the defendant as "NJDOC ET AL" but does not name any defendants besides NJDOC or allege any actions by specific individuals or other entities. Plaintiff notes that "the entire 4wing building" was involved in the alleged violation, and that the allegations were witnessed by "everyone involved" in *Figueroa v. New Jersey Department of Corrections*, No. 24-7781 (D.N.J. filed July 15, 2024).[3] (*See* Compl. at 3.) *Figueroa* is a pending civil rights action brought by at least twenty-three incarcerated and previously incarcerated individuals against NSP and NSP prison officials, alleging constitutional violations related to their confinement in the Restorative Housing Units of NSP.[4] *See* Ex. A to Notice of Removal at 11–38, *Figueroa*, No. 24-

---

[2] Plaintiff states he developed a "staff infection," which the Court assumes is a misspelling of "staph infection." (*See* Compl. at 4.)

[3] The Court takes judicial notice of the *Figueroa* docket and its contents. *See Payton-Fernandez v. Burlington Stores, Inc.*, 671 F. Supp. 3d 512, 526 n.10 (D.N.J. 2023) ("The Court . . . may take judicial notice of prior judicial opinions and the dockets of the cases . . . as they are matters of public record."); *see also Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[4] On April 21, 2025, while still incarcerated at NSP, Plaintiff filed a letter in *Figueroa* requesting to be added as a plaintiff. *See* Letter from Harry Gonzalez, No. 24-7781 (Apr. 21, 2025), ECF No. 66. While it does not appear that the *Figueroa* court has ruled on this request, the pro bono counsel then representing the plaintiffs named in the operative complaint proceeded as if the Court had granted Plaintiff's application, along with those of five other applicants, in a subsequent joint status update. *See* Status Letter at 1 n.1, *Figueroa*, No. 24-7781 (Sept. 8, 2025), ECF No. 89. That counsel has since been terminated and replaced, and current counsel has not clarified its position as to the potential plaintiffs. *See* Order Appointing Pro Bono Counsel, *Figueroa*, No. 24-7781 (Aug. 7, 2026), ECF No. 105.

7781 (July 15, 2024), ECF No. 1-1. For the reasons discussed below, any claims Plaintiff intended to assert against defendants other than NJDOC fail to state a claim and will be dismissed without prejudice.

Plaintiff filed the Complaint on October 17, 2025, at which time he was not in NJDOC custody. (*See* IFP at 5.) With his Complaint, Plaintiff also filed an IFP application that states that he has no monthly income, no assets, is unemployed, and has no monthly expenses. (*See id.* at 1–5.)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), Section 1915(e) empowers district courts to dismiss an *in forma pauperis* complaint that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court thus engages in "a two-step analysis" when considering a complaint filed with an *in forma pauperis* application: (1) the Court determines whether the plaintiff is eligible to proceed without prepaying the filing fee under 28 U.S.C. § 1915(a), and (2) the Court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse, Super.*, No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*,

904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive screening, Plaintiff's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. IFP Application

Section 1915(a) requires plaintiffs seeking to proceed *in forma pauperis* to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)(1)). A plaintiff's IFP application must "include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023).

Plaintiff's *in forma pauperis* application indicates Plaintiff has no income or assets. (*See* IFP at 2, 5.) Therefore, the Court finds Plaintiff has sufficiently shown he cannot pay the filing fee for this matter and **GRANTS** Plaintiff's *in forma pauperis* application.

**B. Review of Complaint**

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to screening the Complaint under § 1915(e)(2)(B).

The Court finds NJDOC is immune from suit under the Eleventh Amendment. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del. Inc.*, 335 F.3d 243, 249 (3d Cir. 2003). Absent a clear waiver by a state of its Eleventh Amendment immunity or a congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by a private individual against that state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Allen v. N.J. State Police*, 974 F.3d 497, 504–05 (3d Cir. 2020). A state's sovereign immunity from suit "protects states and their agencies and departments" and applies "regardless of the kind of the relief sought." *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam) (citing *Pennhurst*, 465 U.S. at 100). Because New Jersey has not waived its immunity for § 1983 claims in federal court and NJDOC is a state agency, Plaintiff's claims are barred by the Eleventh Amendment. *See Georges v. Godby*, No. 24-1884, 2025 WL 892557, at *2–3 (3d Cir. Mar. 24, 2025) (applying sovereign immunity to NJDOC as a state agency and affirming dismissal of § 1983 claims); *Shepperson v. N.J. Dep't of Corr.*, No. 19-19305, 2020 WL 57888, at *2 (D.N.J. Jan. 6, 2020) ("The New Jersey Department of Corrections is an arm of the state that is immune from suit for damages under § 1983." (citing *Fox v. Bayside State Prison*, 726 F. App'x 865, 867–68 (3d Cir. 2018))).

Moreover, to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *See Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). NJDOC is not a "person" subject to suit under § 1983. *See Martin v. N.J. Dep't of*

*Corr.*, No. 19-20969, 2021 WL 879932, at *1 (D.N.J. Mar. 9, 2021) ("In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries are not 'persons' subject to liability under § 1983 . . . ."); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983). Accordingly, the Court dismisses with prejudice all claims against NJDOC.

To successfully state an Eighth Amendment cruel and unusual punishment claim regarding the conditions of his confinement, Plaintiff "must allege facts demonstrating that (1) he was 'incarcerated under conditions posing a substantial risk of serious harm;' and (2) the acts or omissions of the prison officials reflected deliberate indifference to the plaintiff's health or safety." *Harris v. Poska*, 728 F. App'x 149, 153 (3d Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). At most, Plaintiff refers to an unnamed, unidentified roster of individuals—"the entire 4wing building"—which he states were involved in the alleged violations. (*See* Compl. at 3.) Plaintiff has not provided any facts alleging the personal involvement of an individual defendant in the conditions he suffered at NSP.[5] *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing." (alteration in original) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988))).

Therefore, to the extent Plaintiff alleges claims against defendants other than NJDOC, those claims are dismissed without prejudice for failure to state a claim.

**IT IS, THEREFORE**, on this 7th day of October 2026:

---

[5] To the extent that Plaintiff seeks to pursue claims that overlap with the claims asserted in *Figueroa*, Plaintiff should be aware that, if he intends to amend his Complaint, plaintiffs have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**;

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice** as to claims against Defendant NJDOC, and **DISMISSED without prejudice** as to all other claims; and it is further

**ORDERED** that the Clerk's Office is directed to **CLOSE** this matter; and it is further

**ORDERED** that Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint if he seeks to and can cure the deficiencies in his federal claims; and it is further

**ORDERED** that, upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that a summons shall not issue prior to the Court screening the amended complaint pursuant to 28 U.S.C. § 1915(e); and it is finally

**ORDERED** that the Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Opinion & Order to his address of record.

ROBERT KIRSCH
United States District Judge